Follett, Ch. J.
 

 Appeal from a judgment of the general term of the second department, affirming a judgment entered on a verdict.
 

 In 1886 the defendant owned and operated, with horses, a street railroad extending from the ferry at Hunter’s Point, eastwardly, through Long Island City. Between three and four o’clock in the afternoon of Sunday, July 18, 1886, the plaintiff, accompanied by his wife and by a girl about seven years old, and her father, stood waiting at the ferry (the western end of defendant’s line), to take a car for Bowery Bay Beach, a pleasure resort on the line of the road. More persons were waiting for a car than could be
 
 *2
 
 carried. A car approached from the east, and as soon as its passengers were discharged the plaintiff pressed forward and secured a seat for the purpose of giving it to his wife, who, by reason of an injury, was unable to stand and sustain herself by grasping a rod or strap. When his wife entered the car he gave his seat to her and she took it, and carried the girl on her lap until the plaintiff was injured.
 

 The plaintiff remained standing by his wife until their fares-were collected. His friend, the father of the girl, found standing room on the front platform, where he rode until after the accident. After the plaintiff had paid the fares he made his way to the right side of the rear platform, where he rode for a while, and after-wards stood on one of the steps, steadying himself by holding on to the hand-rail. This platform and the steps being crowded with passengers, and the plaintiff seeing that there was more standing room on the front platform, stepped from the moving car and walked rapidly by the right side of it to the front platform, for ■ the purpose of securing a better place to stand. This platform was so crowded that the plaintiff was unable to fully accomplish his purpose, but he boarded the car in safety, and stood with his left foot on the step and his right foot on the platform, and clung with his right hand to the rail of the dasher, and with his left to the hand-rail at the end of the body of the car. After riding in this position for a short distance, a movement of the passengers on the platform broke the hold of his right hand, which he was unable to regain, and thereupon he was forced, by the pressure of the crowd, from the steps and fell underneath the car, the wheels of which passed over and crushed his left leg, rendering amputation at the knee necessary. Before the plaintiff left the rear platform he asked the conductor to stop the car so that he might go to the front platform, but receiving no reply, he, the conductor and one Norton stepped from the rear platform at about the same time and walked by the side of the car for the purpose of reaching the front platform. His action and disclosed purpose were not objected to by the conductor or driver. After the plaintiff lost the support of his right hand, and before ho fell, he called to the driver to stop the car, but he did not until the car had passed over him. There is some evidence that the front platform was so crowded that the driver could not readily and efficiently operate the brake. These are the essential facts upon which the plaintiff bases his right to recover, and this court must regard them as established by the verdict.
 

 The defendant moved for a nonsuit, on the grounds that the plaintiff had failed to establish that defendant negligently caused the accident, and that he had not affirmatively shown that he did not negligently contribute to the accident. The motion was denied, and the defendant excepted. The court ruled that there was no evidence that the road or car was defective, or that the defendant negligently employed an unskillful or incompetent conductor or driver, but instructed the jury that if they found that the defendant negligently permitted the car to be overloaded, and that the overloading caused the accident, the plaintiff could
 
 *3
 
 recover unless the accident was caused in part by some negligent act of his which was a contributing cause of the accident. The exposure of a passenger to a danger, which the exercise of reasonable foresight would have anticipated, and due care avoided, is negligence on the part of a carrier. It clearly appears that the defendant undertook to carry more passengers than could sit and stand within the car, and that both platforms and their steps were filled to their utmost capacity. The action of persons so crowded together, and the great force which they exercise, sometimes almost unconsciously on each other, is understood by carriers of passengers and their employees, and the court would not have been justified in nonsuiting the plaintiff, and holding, as a matter of law, that the exercise of reasonable foresight would not have led the defendant to anticipate that overcrowding this car and its platforms might render accidents like the one which befell the plaintiff probable. Whether the defendant was negligent in carrying so many passengers, was a question of fact for the jury.
 

 The court properly to instruct the jury that the plaintiff was negligent in surrendering his seat to his wife and seeking a place on the platform. It cannot be held as a matter of law that a passenger surrendering his seat to one less able to stand than himself contributes to an injury caused by the carrier’s negligence, but which would not have been received had he remained in his seat.
 

 The evidence in respect to the speed of the car and the circumstances under which the plaintiff attempted to enter on the front platform, would not have justified the court in ruling, as a matter of law, that the plaintiff contributed to his own injury by making the attempt, but properly left it, as a question of fact, for the jury.
 

 Whether the plaintiff was crowded from his position by .persons entering on the opposite side of the front platform for the purpose of being carried, or by some movement of those whose fares had been collected, does not very clearly appear. It is not asserted that any person wilfully, or intentionally, crowded the plaintiff from his position, and
 
 Putnam
 
 v.
 
 Broadway & Seventh Avenue Co.,
 
 55 N. Y., 108, and kindred cases, are not in point. The defendant made no attempt to show that persons entered on the car against the wish or protest of the conductor or driver; or that the rules of the defendant required that the car should not be overloaded, or that the conductor and driver made any attempt to prevent the car from being unduly crowded.
 

 Whether the defendant negligently caused the injury to the plaintiff, and whether he negligently contributed to his own injury were, under the evidence, questions of fact for the jury; and finding no error in the submission of the case, the judgment should be affirmed, with costs.
 

 All concur, except Brown, J., not sitting.